Keith C. Owens (CA State Bar No. 184841)
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, California 90071-2411
Telephone: 213.972.4500
Facsimile: 213.486.0065
Email: *kowens@foley.com*

C. Luckey McDowell (TX State Bar No. 24034565)
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201-2980
Telephone: 214.953.6500
Facsimile: 214.661.6503
Email: *luckey.mcdowell@bakerbotts.com*

Counsel for YA Global Investments, L.P.

**FILED & ENTERED**

MAR 09 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ngo    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**COBALIS CORPORATION,**<br><br>    Debtor.<br><br>---<br><br>**YA Global Investments, L.P.**<br><br>v.<br><br>**Montenegrex, a New York sole proprietorship registered to Rey Olsen.** | **Case No 8:07-bk-12347-TA**<br>**Chapter 11**<br><br><br><br>Adversary No. 8:10-ap-01452<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON YA GLOBAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND COUNTERCLAIMS OF MONTENEGREX**<br><br>Date: February 15, 2011<br>Time: 10:00 a.m.<br>Ctrm: 5B<br>    411 West Fourth Street<br>    Santa Ana, CA |

DAL02:576544.4

1

*YA Global's Motion for Summary Judgment* ("YA Global's Motion") filed by YA Global Investments, L.P. ("YA Global") in the above-captioned adversary proceeding (the "Adversary Proceeding") and *Defendant's Motion for Summary Judgment* ("Montenegrex's Motion") came on regularly for hearing on February 15, 2011. C. Luckey McDowell appeared on behalf of YA Global. Rey Olsen appeared *in propria persona* on behalf of Montenegrex.

The Court has reviewed and considered YA Global's Motion, the declaration of C. Luckey McDowell in support of YA Global's Motion, Montenegrex's Motion, the declarations filed in support of Montenegrex's Motion, the parties' reply papers,[1] and the arguments of counsel and parties. After due deliberation, good and sufficient cause appearing therefore, and to the extent that this Court retains jurisdiction to determine the priority of liens in this case in light of the pending appeal, **THE COURT HEREBY FINDS AND DETERMINES**:[2]

    A.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

    B.    This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b);

**a.    YA Global Loans Money To Cobalis**

    C.    YA Global and Cobalis Corporation ("Cobalis" or the "Debtor") entered into a Securities Purchase Agreement dated as of December 20, 2006, whereby YA Global agreed to purchase up to $3,850,000 of secured convertible debentures.

    D.    Cobalis contemporaneously granted YA Global a security interest in all of its assets, including Cobalis' intellectual property, to secure Cobalis' obligations to YA Global ("YA Global's Lien").

---

[1] The Court notes that Mr. Olsen's reply papers were untimely filed on the eve of the hearing in this matter and violated the Court's local rules, but that the Court familiarized itself with Mr. Olsen's arguments as an accommodation to Mr. Olsen's pro se status.

[2] None of the factual findings were disputed by the parties with competent evidence in either the pleadings or at the subsequent hearing in this matter.

DAL02:576544.4

E.  On December 20, 2006, YA Global filed a UCC-1 Financing Statement (the "<u>Financing Statement</u>") evidencing YA Global's Lien with the Nevada Secretary of State's office.[3]

F.  The copy of the Financing Statement produced by YA Global at the hearing in this matter was a true and correct copy evidencing YA Global's December 20, 2006 filing.

G.  The copy of the Financing Statement produced by YA Global at the hearing in this matter was not a forgery, was not a fraud upon the Court, and in no way misrepresented YA Global's security.

H.  YA Global advanced funds to Cobalis under Secured Convertible Debenture Nos. CLSC-1-1 dated December 20, 2006, CLSC-1-2 dated February 20, 2007, and CLSC-1-3 dated March 16, 2007.

**b.    Gryphon Obtains Judgment Against Cobalis**

I.  On April 3, 2006, the United States District Court for the Northern District of Texas entered an Agreed Judgment (the "<u>Gryphon Judgment</u>") in Case No. 3:04-CV-2405 between Gryphon Master Fund, L.P. ("<u>Gryphon</u>") and Cobalis.

J.  The Gryphon Judgment granted Gryphon a judgment against Cobalis in the amount of $1,600,000.

K.  As part of the settlement agreement underlying the Gryphon Judgment, Gryphon agreed not to execute on the Gryphon Judgment before April 1, 2007.

---

[3] At the hearing, Mr. Olsen argued that the copy of the Financing Statement produced by YA Global was a forgery. Mr. Olsen presented no evidence in support of this argument, and Mr. Olsen's bare allegations did not, as a matter of law, create a disputed question of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 584 (1986) (non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts in question").

DAL02:576544.4

L.      On May 7, 2007, Gryphon obtained a California Order for Appearance and Examination (the "ORAP") from the United States District Court for the Central District of California.

M.      In its proof of claim, Gryphon asserts that it caused the ORAP to be personally served on the Debtor on May 14, 2007.

N.      On May 14, 2007, Gryphon also filed a Notice of Judgment Lien for the Gryphon Judgment with the California Secretary of State's office.

O.      Gryphon never filed any documents evidencing these purported liens with the office of the Nevada Secretary of State.

P.      On July 31, 2007, Judge Selna entered an order (i) authorizing Gryphon to employ reasonable force of entry to seize the assets of Cobalis, and (ii) authorizing turnover of the seized property to a substitute trustee.

Q.      Judge Selna's July 31, 2007 order did not in any way (i) determine the validity or extent of YA Global's Lien, or (ii) determine the relative priority of YA Global's Lien versus the ORAP Lien and the Judgment Lien.

**c.      Cobalis Enters Bankruptcy**

R.      On August 1, 2007, YA Global filed an involuntary petition under chapter 7 of the Bankruptcy Code against Cobalis in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), thereby initiating bankruptcy case no. 8:07-bk-12347-TA (the "Bankruptcy Case").

S.      The Debtor subsequently consented to the filing.

T.      The Debtor expressly waived its right to seek damages under section 303(i) of the Bankruptcy Code.

U.      The Debtor then moved to convert the Bankruptcy Case to a chapter 11 case.

DAL02:576544.4

4

V.  The Court converted the case on November 16, 2007.

W.  The involuntary petition against the Debtor was never dismissed.

X.  On September 15, 2008, Gryphon filed a proof of claim in the Bankruptcy Case (the "Gryphon Claim"), in which Gryphon asserted that it held a $1.6 million secured claim.

Y.  The Debtor objected to the Gryphon Claim on November 13, 2009 by initiating adversary proceeding No. 8:09-ap-01728-TA (the "Avoidance Action").

Z.  In the Avoidance Action, the Debtor alleged that Gryphon's Judgment Lien was a preferential transfer under 11 U.S.C. § 547 and objected to the merits of the Gryphon Claim.

**d.    The Debtor's Plan was Ultimately Confirmed**

AA.  The Debtor filed its Third Amended Plan of Reorganization (the "Debtor's Plan") on January 19, 2010.

BB.  The Debtor's Plan expressly provided for YA Global's senior secured status by classifying YA Global's claim ahead of other secured claims.

CC.  On February 19, 2010, the Debtor filed a motion for entry of an order valuing the Debtor's assets for all purposes and held a hearing on March 10 and March 16, 2010.

DD.  On or about March 16, 2010, Gryphon transferred the Gryphon Claim to Montenegrex, a sole proprietorship registered to Rey Olsen (the "Defendant").

EE.  Defendant appeared at and participated in the March 16 hearing.

FF.  The Court valued the Debtor's assets at $1,500,000 by order dated May 27, 2010.

GG.  Defendant, as successor-in-interest to Gryphon with respect to the Gryphon Claim, contested the treatment of the various liens at the March 24, 2010 confirmation hearing.

HH.  Montenegrex also filed a brief and supporting affidavit contesting the relative priority of the parties' liens.

DAL02:576544.4

II. On June 9, 2010, the Bankruptcy Court entered an order confirming the Debtor's Plan (the "Confirmation Order").

JJ. The Confirmation Order provided for (i) confirmation of the Debtor's Plan, and (ii) clarification that YA Global could immediately foreclose upon its liens under certain circumstances.

KK. Paragraph (V)(3) of the Confirmation Order incorporated the Court's prior determination that YA Global was senior to Montenegrex by providing that, to the extent that YA Global has an allowed claim in excess of $1.5 million, Montenegrex's claim does not have any interest in the Debtor's assets and is not a secured claim.

LL. On June 22, 2010, the Debtor appealed the Confirmation Order.

MM. The Debtor identified as an issue on appeal "whether the Bankruptcy Court erred in finding that [YA Global] holds a senior perfected security interest in Debtor's assets."

NN. The Debtor deferred to Montenegrex to brief that issue before the Panel.

OO. Neither the Debtor nor Montenegrex briefed this issue on appeal, and Mr. Olsen claimed at the hearing in this matter that this argument has been abandoned before the Bankruptcy Appellate Panel

## II. CONCLUSION OF LAW - YA Global's First Through Fifth Causes of Action[4]

### 1. Summary Judgment Standard

1. YA Global carried its burden under Fed. R. Civ. P. 56, as made applicable here by Fed. R. Bankr. P. 7056, to show no genuine issues of material fact were present as to either

---

[4] The findings of fact set forth above and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. To the extent any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

DAL02:576544.4

6

YA Global's claims on which it sought summary judgment or as to any of Montenegrex's counterclaims.

2.  Montenegrex failed to set forth specific evidence sufficient to support its defenses to YA Global's claims or in support of its own counterclaims, and did not create a single genuine issue of material fact.

3.  YA Global is therefore entitled to judgment as a matter of law both as to its five claims on which it sought summary judgment and on the thirteen counterclaims on which Montenegrex sought summary judgment.

**2.    YA Global's Third Cause of Action - the Judgment Lien is Not Valid**

4.  Section 697.530 of the California Code of Civil Procedure outlines the procedure for creating a judgment lien.

5.  At the time Gryphon filed the Notice of Judgment Lien, section 697.530 provided that a judgment lien was created only "if a security interest in the property could be perfected under the Commercial Code by filing a financing statement at that time with the Secretary of State." CAL. CIV. PROC. CODE § 697.530(a) *subsequently amended by* A.B. 1549 (2009).[5]

6.  As discussed *infra*, filing a financing statement with the California Secretary of State would not perfect a security interest in the property of the Debtor because the Debtor is a registered organization "located" in Nevada and the Debtor's intellectual property is not a tangible asset located in California. *See* NEV. REV. STAT. § 104.9307(5); *see also* CAL. COM. CODE § 9307(e).

7.  Consequently, filing the Notice of Judgment Lien with the California Secretary of State did not create a valid judgment lien on the Debtor's property. *See Morgan Creek Prods. v.*

---

[5] The California Legislature amended Cal. Civ. Proc. Code § 697 more than two years after Gryphon improperly filed the Notice of Judgment Lien. The amending legislation does not contain a retroactivity provision.

DAL02:576544.4

*Franchise Pictures LLC (In re Franchise Pictures LLC)*, 389 B.R. 131, 139 (Bankr. C.D. Cal. 2008); *Aura Sys. v. Barovich (In re Aura Sys.)*, 347 B.R. 720, 722 (Bankr. C.D. Cal. 2006).

**3.    YA Global's Fourth Cause of Action - the ORAP Lien has Lapsed**

8.    *Personal service* of an Order for Appearance and Examination creates a lien on the property of a debtor for one year from the date of the order.  *See* CAL. CIV. PROC. CODE § 708.110(a), (d).

9.    Courts are divided on whether section 108(c) extends the duration of an ORAP lien.  This Court does not decide whether section 108(c) extended the duration of the ORAP Lien because, as discussed below, the ORAP Lien expired even if its duration was extended.

10.    Pursuant to section 108(c) of the Bankruptcy Code, the subsequent filing of the Debtor's bankruptcy case tolled the expiration of the ORAP Lien until 30 days after the termination or expiration of the stay provided for in section 362 of the Bankruptcy Code.  *See Spirtos v. Moreno (In re Spirtos)*, 221 F.3d 1079, 1080-81 (9th Cir. 2000) (limitations period of California statute of duration that expired during pendency of bankruptcy case did not expire until 30 days after termination of automatic stay).

11.    The Debtor's Plan determined when the automatic stay in this bankruptcy case expired by providing that the stay under section 362 would expire on the Effective Date of the Plan, or July 22, 2010.

12.    If its duration were extended, the ORAP Lien lapsed thirty days later on August 21, 2010.

13.    YA Global is entitled to summary judgment that the ORAP Lien expired and no longer secures the Gryphon Claim.

DAL02:576544.4

8

**4.      YA Global's Fifth Cause of Action - Montenegrex is estopped from continuing to challenge the priority scheme in this Court**

14.      The Confirmation Order constitutes an order by this Court that YA Global's lien is senior to Montenegrex's purported liens.

15.      The Confirmation Order provides for (i) confirmation of the Debtor's Plan; (ii) clarification that YA Global could immediately foreclose upon its liens under certain circumstances; and (iii) that to the extent that Plaintiff has an allowed claim in excess of $1.5 million, Montenegrex's claim does not have any interest in the Debtor's assets and is not a secured claim.

16.      Because this Court has already decided that YA Global is senior to Montenegrex and that ruling has been appealed to the Bankruptcy Appellate Penal, to the extent that Montenegrex wishes to argue that it holds the only secured claim against the Debtor, it must only argue such before the Bankruptcy Appellate Panel.  *See Cal. Dep't Toxic Subs. Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002); *Bialac v. Harsh Inv. Corp. (In re Bialac)*, 694 F.2d 625, 627 (9th Cir. 1982) ("Even though a bankruptcy court has wide latitude . . . to reconsider . . . its own prior decisions, not even a bankruptcy court may . . . modify an order while on appeal.").

17.      YA Global is entitled to summary judgment that Mr. Olsen is estopped from challenging that finding except through the pending appeal.

**5.      YA Global's First Cause of Action - YA Global's Lien has Priority**

18.      The Court reaches its conclusions of law with respect to YA Global's First and Second Causes of Action as an alternative ruling to that made in the Confirmation Order and to the extent that the Bankruptcy Appellate Panel may seek clarification regarding the Court's

DAL02:576544.4

determination in the Confirmation Order that YA Global holds a valid, properly perfected first-priority security interest that is senior to any lien asserted by Montenegrex.

19. Section 697.590(b) of the California Code of Civil Procedure determines the priority between California judgment liens and conflicting voluntary security interests. Section 697.590(b) provides that "[c]onflicting interests rank according to priority in time of filing or perfection." CAL. CIV. PROC. CODE § 697.590(b).

20. Regardless of whether this Court applies the choice of law rules for California, New Jersey, or Nevada, the analysis reaches the same conclusion—the law of the jurisdiction where Cobalis is "located" governs perfection and priority. N.J. STAT. ANN. 12A:9-301; CAL. COM. CODE § 9301; NEV. REV. STAT. § 104.9301.

21. The Debtor is located in Nevada because that is the state of its incorporation. N.J. STAT. ANN. 12A:9-102(70); Cal. Com. Code § 9102(70); Nev. Rev. Stat. § 104.9102(1)(qqq).

22. Therefore, the laws of Nevada determine the perfection and priority of liens asserted against Cobalis because Cobalis is "located" in Nevada.

23. Under Nevada law, a security interest is perfected by filing a financing statement with the office of the Nevada Secretary of State. NEV. REV. STAT. § 104.9501(b).

24. YA Global's Lien was perfected on December 20, 2006 by filing a UCC-1 financing statement with the office of the Nevada Secretary of State.

25. The Court rejects Mr. Olsen's argument that YA Global needed to file a UCC-1 financing statement in both Nevada and New Jersey due to the New Jersey choice of law provisions in YA Global's loan documents, and holds that filing a UCC-1 financing statement in Nevada alone perfected YA Global's lien.

26. Montenegrex's purported liens arose on May 14, 2007.

DAL02:576544.4

27. For the reasons stated *supra*, the Judgment Lien was never a valid lien on the Debtor's property. However, as an alternative ruling, the Court holds that the Judgment Lien was junior to YA Global's Lien because it was created when Gryphon Filed the Notice of Judgment Lien with the California Secretary of State's office on May 14, 2007. *See* CAL. CIV. PROC. CODE § 697.510(a).

28. Likewise, the ORAP Lien arose only after it was personally served on the Debtor on May 14, 2007. *See* CAL CIV. PROC. CODE § 708.110(d) ("The judgment creditor shall personally serve a copy of the order on the judgment debtor . . . [s]ervice of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order").

29. YA Global's Lien was perfected before either of Gryphon's purported liens were allegedly created or perfected.

30. YA Global is entitled to summary judgment that YA Global's Lien has priority over both the Judgment Lien and the ORAP Lien.

31. The Court concludes that Judge Selna did not determine the priority of liens in the July 2007 litigation and that Judge Selna's July 31, 2007 order does no bar this Court under the principles of *res judicata* or collateral estoppel from determining the validity and priority of liens from the 2007 litigation before Judge Selna.

**6.    YA Global's Second Cause of Action - Montenegrex Holds an Unsecured Claim**

32. Pursuant to section 506(a), an interest junior to an undersecured senior interest in the same collateral is wholly unsecured. *See In re Zimmer*, 313 F.3d at 1223; *Thissen v. Johnson (In re Thissen)*, 406 B.R. 888, 894 (E.D. Cal. 2009).

DAL02:576544.4

11

33. Because YA Global's claim exceeds the value of the Debtor's assets and is senior to Montenegrex's purported liens, there is no remaining collateral to secure either the Judgment Lien or the ORAP Lien.

34. Montenegrex's claim is therefore an unsecured claim pursuant to section 506(a).

35. YA Global is entitled to summary judgment that any claim held by Montenegrex is an unsecured claim pursuant to 11 U.S.C. § 506(a).

### III.  CONCLUSION OF LAW - Montenegrex Counterclaims

**7.    First Counterclaim - Res Judicata and Collateral Estoppel**

36. Judge Selna's July 31, 2007 order did not determine the priority of liens and in no way barred this Court from doing so in the Confirmation Order.

37. YA Global is entitled to summary judgment on Montenegrex's first counterclaim.

**8.    Second Counterclaim - Declaratory Judgment**

38. Montenegrex's counterclaim for a declaratory judgment that Montenegrex holds the only secured claim fails because Judge Selna's July 31, 2007 order did not determine the priority of liens.

39. YA Global is entitled to summary judgment on Montenegrex's second counterclaim.

**9.    Third Counterclaim - Turnover Order**

40. Montenegrex's counterclaim for an order turning over all of the Debtor's personalty and all escrow payments to Mr. Olsen fails because it is based on Mr. Olsen's erroneous assumption that he is the only secured creditor, which claim is denied as provided for above.

41. YA Global is entitled to summary judgment on Montenegrex's third counterclaim.

**10.    Fourth Counterclaim - Surcharge**

42.    Montenegrex's counterclaim for a declaratory judgment that the assets of the Debtor and the escrow account cannot be surcharged by a trustee or made subject to any creditor or administrative claim fails because it presumes that the Court will authorize turnover of the Debtor's assets to Montenegrex.

43.    Montenegrex failed to show any evidence that an actual controversy exists regarding a trustee's surcharge on the Debtor's assets.

44.    YA Global is entitled to summary judgment on Montenegrex's fourth counterclaim.

**11.    Fifth Counterclaim - Monetary Judgment Under Section 303(i)**

45.    There are two prerequisites to an award of damages under Bankruptcy Code section 303(i): (1) the involuntary petition must be dismissed, and (2) the alleged debtor must not waive the right to judgment under section 303(i).  *See* 11 U.S.C. § 303(i).

46.    Neither prerequisite to an award of damages under section 303(i) is present in this case.

47.    YA Global is entitled to summary judgment on Montenegrex's fifth counterclaim.

**12.    Sixth Counterclaim - Sanctions**

48.    Montenegrex's counterclaim for sanctions against YA Global fails because Defendant lacks standing to pursue a claim where the alleged harm was to the Debtor.

49.    YA Global is entitled to summary judgment on Montenegrex's sixth counterclaim.

**13.    Seventh Counterclaim - Money Judgment under California UFTA**

50.    Montenegrex's seventh counterclaim fails because Montenegrex lacks standing to pursue a money judgment on behalf of the Debtor.

DAL02:576544.4

13

51. YA Global is entitled to summary judgment on Montenegrex's seventh counterclaim.

**14.    Eighth Counterclaim - Good Faith for Value**

52. Montenegrex's eighth counterclaim fails because YA Global's Lien secures an interest equal to the amount of Cobalis' obligation to YA Global, regardless of Cobalis' market capitalization.

53. The funds YA Global advanced to the Debtor were reasonably equivalent value for YA Global's Lien.

54. YA Global is entitled to summary judgment on Montenegrex's eighth counterclaim.

**15.    Ninth Counterclaim - Equitable Subordination**

55. Montenegrex's ninth counterclaim fails because it seeks to subordinate YA Global's claim based on allegations that YA Global short sold the Debtor's securities; Montenegrex lacks standing to assert this claim.

56. YA Global is entitled to summary judgment on Montenegrex's ninth counterclaim.

**16.    Tenth Counterclaim - Prevention of Performance**

57. Montenegrex's tenth counterclaim fails because it seeks relief based on a contract to which Montenegrex is not a party; Montenegrex lacks standing to assert this claim.

58. YA Global is entitled to summary judgment on Montenegrex's tenth counterclaim.

**17.    Eleventh Counterclaim - Disgorgement**

59.    Montenegrex's eleventh counterclaim fails because it seeks disgorgement from YA Global based on allegations that YA Global short sold the Debtor's securities; Montenegrex lacks standing to assert this claim.

60.    YA Global is entitled to summary judgment on Montenegrex's eleventh counterclaim.

**18.    Twelfth Counterclaim - Physical Transfer of Assets**

61.    Montenegrex's twelfth counterclaim fails because it seeks relief to benefit the Debtor's estate; Montenegrex lacks standing to assert this claim.

62.    YA Global is entitled to summary judgment on Montenegrex's twelfth counterclaim.

**19.    Thirteenth Counterclaim - Prevailing Party**

63.    Montenegrex's thirteenth counterclaim fails because it seeks relief to benefit the Debtor's estate; Montenegrex lacks standing to assert this claim.

64.    YA Global is entitled to summary judgment on Montenegrex's thirteenth counterclaim.

###

DATED: March 9, 2011

*Theodor C. Albert*
United States Bankruptcy Judge

DAL02:576544.4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **555 S. Flower Street, 35th Floor, Los Angeles, CA 90071-2411.** A true and correct copy of the foregoing document(s) described as: **FINDINGS OF FACT AND CONCLUSIONS OF LAW ON YA GLOBAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND COUNTERCLAIMS OF MONTENEGREX** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 22, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**II. SERVED BY E-MAIL, FIRST CLASS MAIL OR OVERNIGHT MAIL:** (indicate method for each person or entity served)**:** - On February 22, 2011**,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding. I also served the following person(s) and/or entity(ies) by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid addressed as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Via U.S. First Class Mail**
Debtor Cobalis Corporation
Attn: Chaslav Radovich, President
2030 Main Street, Suite 1300
Irvine, CA 92614

**Via U.S. Mail**
Office of the United States Trustee
411 West Fourth Street
Santa Ana, CA 92701

**Via E-mail and U.S. Mail :**
**Counsel For Debtor**
Robert P. Goe
Goe & Forsythe LLP
18101 Von Karman Ave, Suite 510
Irvine, CA 92612
**rgoe@goeforlaw.com**

**Via E-Mail & U.S. Mail**
Montenegrex
Attn: Rey Olsen
P.O. Box 7022
New York, NY 10150-7022
**WSGNY@aol.com**

**Via U.S. Mail**
Montenegrex
Attn: Rey Olsen
41-26 27th Street, Unit 3D
Long Island City, NY 10150-7022

By hand delivery:
- The Honorable Theodor C. Albert, USBC, 411 West Fourth Street, Santa Ana, CA 92701

DAL02:576544.4

17

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 22, 2011 | Susan C. Vasquez | /s/ Susan C. Vasquez |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

DAL02:576544.4

18

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**)  **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **FINDINGS OF FACT AND CONCLUSIONS OF LAW ON YA GLOBAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND COUNTERCLAIMS OF MONTENEGREX** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I.  <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of _____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- US Trustee(Santa Ana)  ustregion16.sa.ecf@usdoj.com
- Keith C. Owens           kowens@foley.com
- luckey.mcdowell@bakerbotts.com

☐ Service information continued on attached page

**II.  <u>SERVED BY THE COURT VIA U.S. MAIL:</u>** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Debtor Cobalis Corporation
Attn: Chaslav Radovich, President
2030 Main Street, Suite 1300
Irvine, CA  92614

Montenegrex
Attn: Rey Olsen
P.O. Box 7022
New York, NY  10150-7022

Montenegrex
Attn: Rey Olsen
41-26 27th Street, Unit 3D
Long Island City, NY  10150-7022

☐ Service information continued on attached page

**III.  <u>TO BE SERVED BY THE LODGING PARTY</u>**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

DAL02:576544.4